FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 30, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KEITH E. SONDERLING, Acting Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>NEW GENERATION BEEKEEPING, LLC, a Washington limited liability company; and OLEKSANDR KULYUKIN, an individual,<br><br>Defendants. | Case No. 4:26-CV-05124-TOR<br><br>**TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY PRELIMINARY INJUNCTION SHOULD NOT ISSUE** |

On July 28, 2026, Plaintiff Keith E. Sonderling, Acting United States Secretary of Labor, (the "Acting Secretary") moved for a Temporary Restraining Order to require Defendants New Generation Beekeeping, LLC ("NGB") and Oleksandr Kulyukin to take certain actions regarding their responsibilities and refrain from conduct prohibited under the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1188, and its implementing regulations at 20 C.F.R. Part 655, subpart B and 29 C.F.R. Part 501.

The Court **FINDS** that the Acting Secretary has met the requirements of

Federal Rule of Civil Procedure for a temporary restraining order and therefore GRANTS the Motion. The Acting Secretary has demonstrated that he is likely to succeed on the merits of his claim that Defendants have violated their obligations under the H-2A program. Further, the Acting Secretary has shown various injuries, including such injury based on Defendants putting their H-2A workers' safety and health in jeopardy by—among other things—requiring them to live in unsanitary housing and depriving Alcides Gamez of medical care for a work-related injury; retaliating against their H-2A workers; destroying evidence; and interfering with the Acting Secretary's investigation. Such harms are irreparable. *See, e.g.*, *Arcamuzi v. Continental Air Lines, Inc.*, 819 F.2d 935, 938–39 (9th Cir. 1987) ("[A]llegations of retaliation for the exercise of statutorily protected rights represent possible irreparable harm far beyond economic loss.") (citing *Garcia v. Lawn*, 805 F.2d 1400, 1405–06 (9th Cir. 1986)). It is well established that demonstrated risks to health and safety establish irreparable harm. *See e.g. Texas Indep. Union of Caroapolis Terminal v. Texaco, Inc.*, 452 F. Supp. 1097, 1107 (D.C. Pa. 1978) ("no adequate remedy at law" for threats to health and safety of employees) (citing *United Steelworkers v. Blah-Knox Foundry and Mill Mach., Inc.*, 319 F. Supp. 636, 641 (W.D. Pa. 1970)).

The Acting Secretary has likewise shown the necessity of granting the temporary restraining order without hearing Defendants' opposition. Defendants have placed their H-2A workers in harm's way, have begun destroying evidence, and have demonstrated a flagrant disregard of their obligations under the H-2A program, all of which necessitate immediate relief.

Given the above, pursuant to 8 U.S.C. § 1188(g)(2) and 29 C.F.R. § 501.16(b) and (c), the Court **ENJOINS** Defendants; their officers, agents, servants, employees, and attorneys; and all persons who are in active concert or participation with anyone described in the preceding (collectively, "Persons Bound") as follows:

TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY PRELIMINARY INJUNCTION SHOULD NOT ISSUE

**I.    Requiring Defendants to provide adequate housing**

(1)    Defendants and all other Persons Bound are enjoined and restrained from housing the H-2A workers in the dangerous and violative trailer facilities that they provided and instead requiring them to provide, on an immediate and continuous basis, rental and/or public accommodations that fully comply with applicable standards at 20 C.F.R. § 655.122(d)(1)(ii);

(2)    Defendants must notify the Court immediately upon procuring compliant accommodations, with notification to include the address and contact information for the proprietor or landlord of the accommodations;

(3)    Defendants must notify the state workforce agency, here, the Washington Employment Security Department ("ESD"), within twenty-four (24) hours of the change to certified housing and permit ESD to inspect the housing, as appropriate and necessary;

**II.    Requiring Defendants to allow Alcides Gamez to access medical care**

(4)    Defendants and all other Persons Bound are enjoined and restrained from preventing H-2A workers from seeking medical treatment through Defendant NGB's workers' compensation insurance policy for work-related injuries, and instead must immediately permit Alcides Gamez time off without retaliation of any kind to obtain all medical care necessary to address work-related injuries, including the injury to his finger from his use of a table saw;

(5)    Defendants must, immediately upon entry of this order, notify Defendant NGB's workers' compensation insurance provider of Alcides Gamez's injury and to tender to the provider all necessary information to allow for treatment of the injury;

(6)    Within twenty-four (24) hours after communicating with their workers' compensation provider, Defendants must file a status update to with the Court with the status of the claim;

**III.    Requiring Defendants to follow the Clearance Order**

(7)    Defendants and all other Persons Bound are enjoined and restrained from directing or permitting Defendants' H-2A employees to work in locations and to perform job duties outside the scope of any applicable Clearance Order, including such Order for H-2A Case No. H-300-25316-402420;

(8)    Defendants and all other Persons Bound are enjoined and restrained from directing or permitting H-2A workers from transporting materials across state lines;

**IV.    Requiring Defendants to pay proper rates and keep required records**

(9)    Defendants must pay any H-2A worker they employ an amount that at least equals the hourly rate required under the applicable Clearance Order for such worker;

(10)    Defendants must pay any H-2A worker they employ for all hours worked;

(11)    Defendants must pay any H-2A worker they employ pay overtime at the rate required by federal, state, and local law;

(12)    Defendants and all other Persons Bound are enjoined and restrained from requiring or permitting any H-2A worker Defendants employ to pay for fuel from such worker's funds, regardless of whether the fuel will be reimbursed, and instead must provide such worker, without charge or deposit, all tools, supplies, and equipment required to perform the duties assigned, as outlined in the applicable Clearance Order;

(13)    Defendants and all other Persons Bound must maintain accurate time and payroll records, and must keep and produce to the WHD such records as are required under the H-2A regulations;

(14)    Defendants must provide their H-2A employees a written earnings statement each pay period, in compliance with 20 C.F.R. § 655.122(k);

## V.    Requiring Defendants to provide meals and breaks

(15)    Defendants and all other Persons Bound must permit any H-2A worker to take rest and meal breaks throughout the day and must provide the H-2A workers clean drinking water;

## VI.    Requiring Defendants to preserve evidence

(16)    Defendants and all other Persons Bound are enjoined and restrained from altering or destroying any documents or other records related to the employment of H-2A workers, including emails, text messages, and other communications;

(17)    Defendants and all other Persons Bound are enjoined and restrained from causing Defendants' H-2A workers to leave the geographical jurisdiction of the Court before the end of the contract period without leave of the Court;

## VII.    Requiring Defendants to refrain from retaliation

(18)    Defendants and all other Persons Bound are enjoined and restrained from retaliating against any person, including Alcides Gamez or Johny Gamez, in any way for their cooperation or perceived cooperation with Department of Labor officials during the investigation and litigation against Defendants;

(19)    Defendants and all other Persons Bound are enjoined and restrained from attempting to prevent Alcides Gamez or Johny Gamez from being hired by other H-2A employers;

(20)    Defendants and all other Persons Bound are enjoined and restrained from telling H-2A workers not to talk to the Department of Labor and/or from discouraging them from doing so in any way; and

(21)    Within one week of this Order, Defendants must allow a representative of the Acting Secretary, in the presence of Defendant Kulyukin, to read aloud, in Spanish, and to thereafter provide a written copy to each employee, of the following statement:

You are protected by the H-2A visa statute and regulations and have the right to participate freely in the U.S. Department of Labor's investigation into your employer's pay practices. You have the right to speak freely with investigators or other officials from the Department of Labor. Your employer is prohibited from retaliating against you in any way because you spoke with the Department of Labor.

*Usted está protegido por la Ley de H-2A y tiene el derecho de participar libremente en la investigación del Departamento de Trabajo. Usted tiene el derecho de hablar libremente con investigadores y otras personas del Departamento de Trabajo. La ley H-2A le prohíbe a su empleador tomar cualquier tipo de represalias contra de usted por ejercer sus derechos o hablar con el Departamento de Trabajo.*

This Temporary Restraining Order shall be in effect until **August 13, 2026**, unless modified or extended by an order of this Court.

Defendants New Generation Beekeeping, LLC and Oleksandr Kulyukin are **ORDERED TO SHOW CAUSE** why the Court should not issue a preliminary injunction containing terms similar to those above.

The Court sets the following briefing schedule on such Order to Show Cause:

- **Defendants' Response to the Order to Show Cause ("OSC")**: Due Seven Days After Issuance of this OSC.
- **Acting Secretary's Response to Defendants' Response**: Due Five Days After Issuance of Service of Defendants' Response.
- Once briefing is complete, the Court will decide if a hearing is necessary.

Pursuant to Federal Rule of Civil Procedure 65(c), no security is required.

**IT IS SO ORDERED.**

**DATED** July 30, 2026.



THOMAS O. RICE
United States District Judge